IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOT AN LLC *doing business as* JSD SUPPLY,<br><br>*Plaintiff,*<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES, *et al*,<br><br>*Defendants.* | Civil Action No. 2:22-cv-747<br><br>Hon. William S. Stickman IV |

### **ORDER OF COURT**

On May 19, 2022, Plaintiff, Not an LLC doing business as JSD Supply ("JSD" or "Plaintiff"), filed a Complaint (ECF No. 1) against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") *et al.* seeking, *inter alia*, declaratory and injunctive relief with respect to a cease-and-desist order issued by the ATF barring Plaintiff from selling certain firearms-related products. On May 20, 2022, Plaintiff filed an Emergency Motion for a Temporary Restraining Order ("TRO") and/or Preliminary Injunction (ECF No. 2) asking the Court to enjoin the ATF's enforcement of the cease-and-desist order.

The Court has the authority to issue a temporary restraining order—even one presented *ex parte*—if irreparable injury is likely to occur before a hearing on a preliminary injunction under Fed. R. Civ. P. 65(a) can be held. Injunctive relief in any form is "an extraordinary remedy that should be granted in limited circumstances." *Messner v. Bunner*, No. 07–112, 2009 WL 1406986, at *2 (W.D. Pa. May 19, 2009) (quoting *AT&T v. Winback & Conserve Prog. Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). The standard for evaluating whether the issuance of a

1

temporary restraining order is warranted is the same as that used for evaluating whether the issuance of a preliminary injunction is appropriate. *Messner*, 2009 WL 1406986, at *2. The Court considers four factors in determining whether to grant a TRO, wherein the movant must demonstrate:

> (1) that [it is] reasonably likely to prevail eventually in the litigation and (2) that [it is] likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiff . . . and (4) whether granting relief would serve the public interest.

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (citation omitted). "Importantly, TRO's are ordinarily aimed at temporarily preserving the status quo. **'Under federal law TROs should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as it is necessary to hold a hearing, and no longer.'"** *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (quoting *Granny Goose Foods Inc. v. Bhd. Of Teamsters*, 415 U.S. 423, 439 (1974) (emphasis added)). *See also J.O. ex rel C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 273 (3d Cir. 2002) (acknowledging a TRO as a "stay put" equitable remedy that has as its essential purpose the preservation of the status quo).

In this case, the issuance of an emergency TRO would not preserve the status quo. Rather, the ATF issued the cease-and-desist order on May 9 and it was served on Plaintiff on May 12—over a week before the instant motion was filed. Plaintiff acknowledges in its Emergency Motion that it has complied with the order. Thus, the entry of a TRO—always an extraordinary remedy—is not necessary to maintain the status quo before a hearing may be held.

AND NOW, this 20th day of May 2022, IT IS HEREBY ORDERED that the Emergency Motion for Temporary Restraining Order (ECF No. 2) is **DENIED** to the extent that it seeks a temporary restraining order.

The Court will, however, proceed with alacrity on the motion with respect to the request for preliminary injunctive relief. In doing so, it **ORDERS** as follows:

Defendants' Response to Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 2) shall be filed on or before 6:00 p.m. on **May 24, 2022**. The Court will conduct a videoconference[1] hearing on the motion on **May 25, 2022 at 1:00 p.m**. The Zoom invitation will be provided via email from the Court's Deputy Clerk.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] The Court is scheduling the hearing via videoconference because of the short notice and the fact that counsel for both sides reside out-of-state. Upon unanimous consent of participating counsel, the Court will hold the hearing in person. To the extent that such agreement exists, counsel are directed to contact the Court no later than noon on Tuesday, May 24, 2022.

3