IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOT AN LLC d/b/a/ JSD SUPPLY,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; and GARY M. RESTAINO AS THE ACTING DIRECTOR OF ATF,<br><br>Defendants. | Case No. 2:22-cv-00747-WSS |

**MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION TO ADDRESS THE ISSUE OF MOOTNESS**

COMES NOW, Plaintiff Not An LLC d/b/a JSD Supply ("JSD Supply" or "JSD"), by and through its attorneys and, Pursuant to Rule II.A of the Court's Chambers Policies and Procedures, respectfully files this Motion for Leave to File a Reply to Defendants' Response in Opposition to Motion for Temporary Restraining Order and/or Preliminary Injunction to Address the Issue of Mootness and, in support thereof, avers the following:

1. On May 20, 2022, Plaintiff filed its Motion for Temporary Restraining Order and/or Preliminary Injunction, which stems, in part, from a cease-and-desist order issued by the ATF to Plaintiff. (Docket No. 2)

2. Later that day, the Court issued an Order, *inter alia*, setting an expedited briefing schedule with Defendants' Response to the Motion due May 24 and setting a hearing on the Motion for Preliminary Injunction for May 25, 2022. (Docket No. 9)

3. Shortly after the issuance of the Court's Order, the ATF sent, via email, a letter

addressed to counsel for Plaintiff, purporting to rescind the cease-and-desist order (the "May 20 ATF letter"). However, the ATF went on to state "the Bureau of Alcohol, Tobacco, Firearms and Explosives' (ATF's) longstanding position that firearm kits that are designed to or may readily be converted to, expel a projectile by the action of an explosive are firearms as defined by the Gun Control Act, 18 U.S.C. § 921(a)(3)(A), remains in effect…Any questions about whether any particular product or products would be considered a 'firearm' for purposes of the GCA and its implementing regulations may be submitted to ATF for classification" (citation omitted).

4. Additionally, the ATF has issued a near identical cease-and-desist order to another retailer which, to Plaintiff's knowledge, has not been rescinded.

5. Since the May 20 ATF letter was issued after Plaintiff's filings, Plaintiff has not had the opportunity to address its legal implications in its arguments to the Court, if any, on this case and the pending Motion for Preliminary Injunction. On the other hand – despite the ATF's continuing threat of future enforcement action in the letter (which Plaintiff submits is legally unsupported) and, despite issuing a nearly identical cease-and-desist order to another retailer that remains in effect – Defendants have argued to the Court in their Opposition Brief that the May 20 ATF letter moots the case and the need for the injunction hearing scheduled by the Court.

6. Plaintiff believes that the Defendants' position on mootness is not accurate or supported by the law. As the Supreme Court as held: "even if the government withdraws or modifies a … restriction in the course of litigation, that does not necessarily moot the case. And so long as a case is not moot, litigants otherwise entitled to emergency injunctive relief remain entitled to such relief where the applicants 'remain under a constant threat' that

government officials will use their power to reinstate the challenged restrictions." *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021). Additionally, the Third Circuit has held, "[i]f the defendant … claims that some development has mooted the case, it bears '[t]he "heavy burden of persua[ding]" the court' that there is no longer a live controversy." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305–06 (3d Cir. 2020) (alteration in original) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000)).

7. Because the question of purported mootness is a new issue in this litigation, and one that Plaintiff has not had a chance to address, Plaintiff respectfully requests permission to file a short 5-page Reply addressing this issue.

8. Plaintiff's proposed Reply Brief is included herewith as Attachment A.

9. On March 24, 2022, the Court issued a minute order (ECF 18) directing the plaintiff to file a notification as to whether it believes the motion for preliminary injunctive relief is moot. Plaintiff does not believe that its motion is moot, for the reasons set forth in the attached Reply Brief.

WHEREFORE, for the reasons set forth above, undersigned counsel requests that this Court grant its Motion for Leave to File a Reply to Defendants' Response in Opposition to Motion for Temporary Restraining Order and/or Preliminary Injunction to Address the Issue of Mootness and deem the Reply Brief included as Attachment A to be filed. A proposed Order is attached.

Dated:  May 24, 2022

                                                Respectfully submitted,

By:  ⎯⎯s/ David J. Berardinelli⎯⎯
David J. Berardinelli
DEFOREST KOSCELNIK & BERARDINELLI
436 Seventh Ave., 30th Fl.
Pittsburgh, PA  15219
T:  412-227-3100
F:         412-227-3130
Email: berardinelli@deforestlawfirm.com

Robert J. Olson*
WILLIAM J. OLSON, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
T: (703) 356-5070
T: (540) 450-8777
F: (703) 356-5085
Email : wjo@mindspring.com
*Admitted pro hac vice*

Stephen D. Stamboulieh*
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOT AN LLC d/b/a/ JSD SUPPLY,<br><br>　　　Plaintiff,<br><br>　　　　v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; UNITED STATES DEPARTMENT OF JUSTICE; and GARY M. RESTAINO AS THE ACTING DIRECTOR OF ATF,<br><br>　　　Defendants. | Case No. 2:22-cv-00747-WSS |

**[PROPOSED] ORDER**

**NOW**, this _____ day of May 2022, this matter coming before the Court on Plaintiff's Motion for Leave to File a Reply to Defendants' Response in Opposition to Motion for Temporary Restraining Order and/or Preliminary Injunction to Address the Issue of Mootness,

**IT IS HEREBY ORDERED** that said motion is **GRANTED** and the Reply Brief submitted as Attachment A to the Motion is deemed filed.

**BY THE COURT:**

_____
**UNITED STATES DISTRICT JUDGE**